# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Wells Fargo Bank, NA
420 montgomery St, San Francisco, CA
    Plaintiff

CASE NO. _2015 CA 007918 R(RP)_

vs.

Chonte Long
2331 14th Place, SE, Washington, DC 20020
    Defendant

Case: 1:15-cv-01995
Assigned To : Contreras, Rudolph
Assign. Date : 11/19/2015
Description: Pro Se General Civil (F Deck)

## NOTICE OF REMOVAL

    I, Long, Chonte, a living, breathing, self-aware woman who is the Beneficiary and Titleholder of CHONTE LONG gives NOTICE OF REMOVAL from SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION Case No.: 2015 CA 007918 R(RP) to the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA in pursuit of enforcement of Title 12 USC 95a (2) for the full discharge of any and all liabilities, titles, and property. Another reason for the removal of this case is for the enforcement of the Title 8 USC 1481 because all parties including the Judge are Unregistered Foreign Agents according to the International Organizations Immunities Act of December 9, 1945.

_Long Chont_
_____
Long, Chonte UCC 1-308
2331 14th Place SE
Washington, DC 20020

_11/18/15_
_____
Date

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001

Wells Fargo Bank, NA

**CASE NO.** 2015 CA 007918 R(RP)

      Plaintiff

vs.

Chonte Long

      Defendant

## NOTICE OF REMOVAL

     I, Long, Chonte, a living, breathing, self-aware woman who is the Beneficiary and Titleholder of CHONTE LONG gives NOTICE OF REMOVAL from this Court to the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA in pursuit of enforcement of Title 12 USC 95a (2) for the full discharge of CASE NO: 2015 CA 007918 R(RP) and all liabilities, titles, and property. Another reason for the removal of this case is for the enforcement of the Title 8 USC 1481 because all parties including the Judge are Unregistered Foreign Agents according to the International Organizations Immunities Act of December 9, 1945.

_____         11/18/15
Long, Chonte UCC 1-308                 Date
2331 14th Place SE
Washington, DC 20020

*Exhibit*

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001

Wells Fargo Bank, NA

**CASE NO.** 2015 CA 007918 R(RP)

    Plaintiff

vs.

Chonte Long

    Defendant

## MOTION FOR ASSIGNMENT AND TRANSFER

    I, Long, Chonte, a living, breathing, self-aware woman who is the Beneficiary and Titleholder of CHONTE LONG hereby convey, transfer, and assign the debts/liability of Case Number 2015 CA 007918 R(RP) to the Account of the United States of America for the Settlement and Closure of this case pursuant to Title 12 USC 95 (a) 2 - (2) Any payment, conveyance, transfer, assignment, or delivery of property or interest therein, made to or for the account of the United States, or as otherwise directed, pursuant to this section or any rule, regulation, instruction, or direction issued hereunder shall to the extent thereof be a full acquittance and discharge for all purposes of the obligation of the person making the same; and no person shall be held liable in any court for or in respect to anything done or omitted in good faith in connection with the administration of, or in pursuance of and in reliance on, this section, or any rule, regulation, instruction, or direction issued hereunder.

Long/Chonte UCC 1-308
2337/14th Place SE
Washington, DC 20020

Date 11/18/15

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001

Wells Fargo Bank, NA

**CASE NO.** 2015 CA 007918 R(RP)

     Plaintiff

vs.

Chonte Long

     Defendant

## PROOF OF SERVICE

     I, Long, Chonte, a living, breathing, self-aware woman certify that I am of such age and discretion to be competent to serve papers. That on the _18th_ day of __November__, 2015, I have served a copy of the documents listed below, by Certified Mail, sent to each of the following persons at the locations stated below, which is the last known location, and by depositing said envelope and contents in the U.S Mail.

Documents:    ·Notice of Removal

Party(ies) Served:

<div align="center">

David Solan, Esq.
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

</div>

_Long, Chonte UCC 1-308_

Long, Chonte UCC 1-308
2331/14th Place SE
Washington, DC 20020

_1/18/15_

Date

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Wells Fargo Bank, NA

      Plaintiff

                              CASE NO. _2015 CA 007918(RRP)_

vs.

Chonte Long

      Defendant

## CERTIFICATE OF SERVICE

      I, Long, Chonte, a living, breathing, self-aware woman certify that I am of such age and discretion to be competent to serve papers. That on the _18th_ day of _November_, 2015, I have served a copy of the documents listed below, by Certified Mail, sent to each of the following persons at the locations stated below, which is the last known location, and by depositing said envelope and contents in the U.S Mail.

Documents:    ·Notice of Removal

Party(ies) Served:

<div align="center">

David Solan, Esq.
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

</div>

_Long Chont_ _____

Long, Chonte UCC 1-308
2331 14th Place SE
Washington, DC 20020

_11/18/15_ _____

Date

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C.  20001

Wells Fargo Bank, NA

        **CASE NO.** 2015 CA 007918 R(RP)

      Plaintiff

vs.

Chonte Long

      Defendant

## PROOF OF SERVICE

      I, Long, Chonte, a living, breathing, self-aware woman certify that I am of such age and discretion to be competent to serve papers. That on the _18th_ day of _November_____, 2015, I have served a copy of the documents listed below, by Certified Mail, sent to each of the following persons at the locations stated below, which is the last known location, and by depositing said envelope and contents in the U.S Mail.

Documents:      -Motion For Assignment and Transfer

Party(ies) Served:

<div align="center">

David Solan, Esq.
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

</div>

_____        _____11/18/15_____
Long, Chonte UCC 1-308        Date
2331 14th Place SE
Washington, DC 20020



Exhibit

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WELLS FARGO BANK, NA
Vs.
CHONTE LONG

C.A. No. 2015 CA 007918 R(RP)

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has been assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant copies of the Summons the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOSEPH E BESHOURI
Date: October 16, 2015
Initial Conference: 9:30 am, Friday, May 27, 2016
Location: Courtroom 317
500 Indiana Avenue N.W.

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wells Fargo Bank, NA
_____
Plaintiff

vs.                                            Case Number 2015 CA 007918 R(RP)

Chonte Long
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David E. Solan, Esq. (D.C. Bar # 1011614)
_____
Name of Plaintiff's Attorney
BWW Law Group, LLC
_____
Address
6003 Executive Blvd., Ste. 101
_____
Rockville, MD 20852
_____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    단어어 ክፈሱ አማርኛ (202) 879-4828 ይደውሉ

*Clerk of the Court*

By _____
Deputy Clerk

Date  **10/16/2015**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso. _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

David E. Solan Esq. (D.C. Bar # 1011614)          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

BWW Law Group, LLC                     Por _____
Dirección                                    Subsecretario
6003 Executive Blvd. Ste. 101

Rockville MD 20052                     Fecha _____
Teléfono

如需翻译 請打電話 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.      [Amharic text] (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASum1.doc

BWW# 131986

## Superior Court of the District of Columbia
### Civil Division
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001
Telephone (202) 879-1133

Wells Fargo Bank, NA

Plaintiff.                                    Case No. 2015 CA 007918 R(RP)

vs.,

Chonte Long

Defendant(s)

## Consent to Magistrate Judge through Early Mediation in
## Judicial Sale/Mortgage Foreclosure Actions

I consent to having this case presided over by a magistrate judge through early mediation.
I understand that if the case is ready for dispositive motion or is placed on a trial track then the case will
be certified to an associate judge.


/s/ David Solan
Kristen J. Misleh, Esq. (D.C. Bar # 982949)
David Chen, Esq. (D.C. Bar # 1000517)
Matthew Cohen, Esq. (D.C. Bar # 502922)
David E. Solan, Esq. (D.C. Bar # 1011614)        Defendant                          Date
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, Maryland 20852
301-961-6555                                     Defendant                          Date
301-961-6545 FAX
CourtsDC@bww-law.com
*Counsel for the Plaintiff*
                                                 Defendant                          Date

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Wells Fargo Bank, NA

Case Number: **2015 CA 007918 R(RP)**

vs

Date:

Chonte Long

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* David Sovan, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: BWW Law Group, LLC | ☑ Attorney for Plaintiff |
| Telephone No.: 301-961-6555, ext. 3739  Six digit Unified Bar No.: 1011614 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☑ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury

Demand: $_____    Other:_____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge:_____    Calendar #:_____

Case No.:_____    Judge:_____    Calendar#:_____

## NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Special Education Fees
☑ 10 Mortgage Foreclosure

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 13 Employment Discrimination

#### COLLECTION CASES

☐ 14 Under $25,000 Plf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Plf. Grants Consent
☐ 18 OVER $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)

- [ ] 10 I.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D C. Code Title 1. Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance Subrogation Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)

- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

/s/ David Solan, Esq.

Attorney's Signature

10/16/2015

Date

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

## IMPORTANT NOTICE FOR DEFENDANTS IN FORECLOSURE CASES

You are in danger of losing your home. A court date has been set for your case. Come to court on your hearing date – even if you do not have a lawyer and do not know how to defend your case.

At your hearing, the court can ask a court mediator to help you try to reach an agreement with your lender about your mortgage. Even if you cannot pay the full amount, you may be able to modify your loan or come to an agreement that protects you if you are unable to keep your home.

If you do not come to court, your house could be sold and you could be ordered to pay money.

<div style="text-align:center">

### GET FREE HELP NOW
### Call the DC Foreclosure Prevention Hotline
### at (202) 265-CALL  (202-265-2255)
#### Or toll-free 1-855-449-2255

</div>

You will be connected with a free HUD-approved housing counselor who can.
- Explain your options to possibly avoid foreclosure.
- Prepare a proposal to send to your bank.
- Tell you about resources that are available to help you, including legal assistance.

CA1OF.doc

**Filed**
**D.C. Superior Court**
**10/16/2015 05:32PM**
**Clerk of the Court**

## IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
### CIVIL DIVISION

**WELLS FARGO BANK, NA**
c/o BWW Law Group, LLC
6003 Executive Blvd. Suite 101
Rockville, MD 20852

       Plaintiff,

v.

**CHONTE LONG**
Serve: 2331 14th Place SE
Washington, DC 20020

       Defendant

Case No. 2015 CA 007918 R(RP)

### COMPLAINT FOR JUDICIAL FORECLOSURE SALE
### ACTION INVOLVING REAL PROPERTY

Plaintiff, Wells Fargo Bank, NA ("Plaintiff"), by counsel, files this Complaint for judicial foreclosure under D.C. Code § 42-816 against Defendant Chonte Long ("Defendant") and in support thereof states as follows:

### PARTIES AND JURISDICTION

1.      Defendant is the record owner of the real property located at 2331 14th Place SE, Washington, DC 20020 (the "Property"), by virtue of a deed recorded with the Recorder of Deeds, a copy of which is attached hereto as Exhibit A.

2.      The Property is located within the District of Columbia.

3.      Plaintiff is the beneficiary of a Deed of Trust, which is secured by the Property.

4.      The Court has personal jurisdiction over Defendant.

5.      Jurisdiction in this Court is proper under D.C. CODE § 11-921.

### FACTS

6.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

7.     On August 31, 2012, Virginia Heritage Bank loaned Defendant $131,649.00 (the "Loan"), and Defendant executed a promissory note (the "Note"), reflecting the Loan's terms. A copy of the Note is attached hereto as Exhibit B.

8.     To secure repayment of the Note, Defendant executed a deed of trust (the "Deed of Trust"), dated August 31, 2012, encumbering the Property and recorded in the land records of the District of Columbia as Instrument Number 2012096163. A copy of the Deed of Trust is attached hereto as Exhibit C.

9.     Plaintiff is the current holder of the Note and the beneficiary of the Deed of Trust. A copy of an assignment of the Deed of Trust to Plaintiff is attached hereto as Exhibit D.

10.     On or about January 1, 2014, Defendant defaulted under the terms of the Note and Deed of Trust by failing to make the required monthly payments.

11.     On or about January 15, 2014 pursuant to the Deed of Trust, the lender effectuated the mailing of a demand letter to Defendant stating the total amount needed to cure the default. A copy of the demand letter is attached hereto as Exhibit E.

12.     Defendant failed to cure the default.

13.     As of April 07, 2015, Defendant owes $189,705.94 to Plaintiff under the Note, exclusive of any costs or fees incurred herein. See judgment quote attached hereto as Exhibit F.

14.     Interest, taxes, insurance, and other elements of the debt continue to accrue.

15.     Plaintiff appointed Howard N. Bierman, Jacob Geesing, Carrie M. Ward, Joseph A. Delozier, Joshua P. Coleman, and Jason T. Kutcher as Substitute Trustees (the "Substitute Trustees") under the Deed of Trust through a Deed of Appointment of Substitute Trustees

recorded in the land records of the District of Columbia. A copy of the executed Appointment of Substitute Trustees is attached hereto as Exhibit G.

<h3 style="text-align:center">COUNT ONE<br>(Judicial Foreclosure Sale)</h3>

16.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

17.    Department of Defense records indicate that Defendant is not on active military duty. A copy of the relevant Department of Defense Manpower Data Center Status Report is attached hereto as Exhibit H.

18.    At this time, there are no known title defects or other issues that would preclude a judicial foreclosure.

19.    If defects or other issues are discovered in the course of this action, Plaintiff requests that this Court allow Plaintiff to amend the action to include any necessary party to accomplish complete justice.

20.    D.C. Code §42-803 defines a deed of trust as follows: "The legal estate conveyed …to a trustee to secure a debt… shall be construed and held to be a qualified fee simple, determinable… by judicial decree for the causes hereinafter mentioned."

21.    D.C. Code §42-816 confers equitable power upon the Court in considering applications to foreclose any mortgage or deed of trust to "…instead of decreeing that the mortgagor be foreclosed and barred from redeeming the mortgaged property, to order and decree that said property be sold and the proceeds be brought into court to be applied to the payment of the debt secured by said mortgage…"

22.    D.C. Code §42-806 permits the court to enter such order and decree as it deems proper to accomplish a foreclosure in equity:

> Where any bill or bills, suit or suits, shall be filed…under or by
> virtue of any mortgage or mortgages thereof, to compel the
> defendant or defendants… to pay the plaintiff…the principal
> money and interest due on any such mortgage… and in default of
> payment thereof, to foreclose such defendant or defendants of his,
> her, or their right or equity of redeeming… such equity court…
> may and shall at any time or times… make such order or decree
> therein… and all parties to such suit or suits shall be bound by
> such order or decree so made…

23.     The Court is explicitly authorized to take notice of any defenses to the foreclosure

by D.C. Code §42-812 and to proceed in equity thereon.

24.     Plaintiff is entitled to enforce its Deed of Trust via a judicial foreclosure of the

Property.

25.     D.C. Code §42-815.02, only applies to a non-judicial foreclosure proceeding

under the power of sale clause of the deed of trust, which in this instant case does not apply.

Specifically the new law L20-0040, titled Saving DC Homes from Foreclosure Clarification and

Title Insurance Clarification Amendment Act of 2013 states, "…the act shall not apply to actions

for judicial foreclosure under section 95 of An Act to establish a code of law for the District of

Columbia, approved March 3, 1901 (31 Stat. 1271, D.C. Official Code § 42-816), or any other

judicial foreclosure permitted under existing laws."; *see also*, D.C. Code 42-815.04.

26.     Neither mediation nor any mediation certificate is required herein.

27.     Plaintiff is willing to participate in a mediation conducted by a neutral third-party

mediator if Defendant(s) appears and requests the same.

28.     The Substitute Trustees have been appointed as Substitute Trustees for purposes

of foreclosure, and have knowledge and experience in the foreclosure field, and upon posting a

bond in the amount of $25,000.00 into the Court, they should be authorized to carry out the

foreclosure by sending notices of the time, place and terms of the auction to all junior

lienholders, owners of record, and occupants, by certified mail, return receipt requested and by first class mail, no more than 30 days and no less than 10 days before the auction in addition to publishing advertisements consistent with the terms of the Deed of Trust and District of Columbia Code, and thereafter selling the property at auction subject to confirmation or ratification by this Court. The publication shall run in a newspaper of general circulation once a week for four consecutive weeks leading up to the auction.

29.   Alternatively, the Substitute Trustees may be appointed as Officers of the Court for purposes of selling the Property under SCR-308(b) upon posting a bond in the amount of $25,000.00 into the Court.

30.   The Substitute Trustees can appoint an Attorney to appear on behalf of the Substitute Trustees to supervise and attend the sale. The Substitute Trustees may require a purchaser to post a nonrefundable deposit of up to 10% of the price bid in certified funds, may condition the right to bid or acceptance of bids upon a showing of said deposits, and reserve the right to reject any bid made by anyone who does not have the deposit in hand at the auction. The Substitute Trustees shall hold any deposit in a non-interest bearing trust account.

31.   The Substitute Trustees may establish additional terms of sale as may be appropriate in their judgment to promote the best price at the auction so long as the same remain consistent with, and do not alter, the specific terms and conditions of the Deed of Trust and this Court's Decree.

32.   The Substitute Trustees may enter into a contract of sale with the highest qualified bidder subject to ratification by the Court, and any memorandum of sale must indicate that the sale is subject to said ratification.

33. If a Third Party is successful at auction the bond shall be increased to the full amount of the purchase price, which shall be posted prior to ratification by this Court.

34. The Plaintiff should be permitted to submit bid(s) at the sale aforesaid on credit up to the full amount of the debt and all costs incurred under the terms of the Note and Deed of Trust. *See* D.C. Code § 42-817.

35. After the foreclosure sale, the Substitute Trustees will file with the Court a Verified Report of Sale in compliance with SCR-308(b)(4).

36. The Substitute Trustees/Officers appointed to sell the Property are entitled to receive a Trustee's Commission per the Deed of Trust and D.C. Code, and may request the same in the Verified Report of Sale.

37. Unless otherwise ordered at the time of ratification, settlement shall occur by payment of all sums due under the bid in certified funds to the Substitute Trustees within sixty (60) days from the entry of an Order ratifying the Sale. If the purchaser fails or refuses to settle within the allotted time frame, the deposit will be forfeited and the Substitute Trustees may apply the deposit toward costs, fees or their compensation associated with the initial auction and the resale process. Any remaining amount shall be credited to the underlying debt.

38. After the purchaser's funds submitted to the Substitute Trustees have cleared, the Substitute Trustees shall execute and deliver a Trustees' Deed, transferring title to the purchaser. The costs of recording the Deed aforesaid shall be upon the purchaser.

39. Within sixty (60) days of settlement, the Substitute Trustees shall file evidence of the settlement including a copy of the Trustee's Deed, a proposed accounting and distribution of funds, and a proposed order ratifying the distribution. A copy of the aforesaid shall be sent to the

borrower and all junior lien holders and must inform them that claims or disputes must be filed within fourteen (14) days or the distribution may be ratified without further hearing.

40.    Any unclaimed funds due to the junior lienholders, owners, or any other party may be identified for payment into the Court registry, and, upon payment thereof, the Substitute Trustees may request a determination that their duties have been discharged and the case be closed with the bond released.

41.    Pursuant to the Deed of Trust, Plaintiff is entitled to collect all expenses incurred in pursuing the remedies provided under the Deed of Trust, including, but not limited to reasonable attorneys' fees, filing fees, costs of publication, costs associated with the sale, mailing costs, and the costs of title evidence, proof of which will be submitted in the Verified Report of Sale prior to ratification or confirmation.

42.    If any Defendant has been previously discharged in a Bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this action seeks only to foreclose upon the subject property In Rem and does not seek to collect any debt against said Defendant personally or to p ısue a deficiency against any discharged Defendant.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award the following relief:

A.    Find Defendant Chonte Long in default of the mortgage obligation.

B.    Appoint the Substitute Trustees to act as trustees/officers to sell the Property at a public auction, send appropriate notices, and publish advertisements for same.

C.    Order that the Substitute Trustees are empowered to auction the Property on a date and in a manner deemed appropriate, to continue the auction for a period not to exceed thirty (30) days without further leave of court, and to enter into a contract(s) of

sale for the Property, which shall be subject to review and confirmation or ratification by this Court.

D.      Order that the Substitute Trustees must submit a Verified Report of Sale to this Court within a reasonable time following the auction.

E.      Award all appropriate commissions due to the Trustees and Auctioneer as set forth in the Deed of Trust.

F.      Order that Plaintiff is entitled to collect from the proceeds of the sale its reasonable attorneys' fees and costs incurred in the instant action.

G.      Grant such other relief deemed just and proper.

Respectfully submitted,

/s/ David Solan, Esq.
David E. Solan, Esq. (D.C. Bar # 1011614)
Matthew Cohen, Esq. (D.C. Bar # 502922)
Kristen J. Misleh, Esq. (D.C. Bar # 982949)
Jason T. Kutcher, Esq. (D.C. Bar # 1011988)
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, Maryland 20852
301-961-6555, ext. 3811
301-961-6545 FAX
kristen.misleh@bww-law.com
*Counsel for the Plaintiff*

STATE OF NORTH CAROLINA

COUNTY OF WAKE

I, Darren Britt, am employed as a Vice President Loan Documentation for Wells Fargo Bank, N.A. ("Wells Fargo") and I am authorized to make this Verification on behalf of Plaintiff. I am familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining these business records. I have read the foregoing Complaint for Judicial Foreclosure Sale and I verify under penalty of perjury, all facts contained in the Facts section are true and correct to the best of my knowledge, information and belief.

Name: Darren Britt
Title: Vice President Loan Documentation
Company: Wells Fargo Bank, N.A.
Date: 04/13/2015


State of North Carolina
County of Wake

The Foregoing instrument was sworn to and subscribed before me this 13th day of April, 2015, by Darren Britt, who is personally known to me.

Crystal D. Fore , Notary of Wake

Notary Public, State of North Carolina

My Commission expires: 02/09/2019

Crystal D Fore
NOTARY PUBLIC
Wake County, NC

032-DC-V1



LT1-S-2-12095182-1



LT2-8-0-2

Village File#: ▓▓▓▓▓

Tax Identification: -SS▓ ▓▓▓▓▓▓

# This Deed

**Made** this 31st day of August, 2012, by and between

WARSAME, INC.,

party of the first part, and

CHONTE LONG,

party of the second part:

**Witnesseth,** that in consideration of the sum of $185,000.00, receipt of which is hereby acknowledged, and which the party of the first part hereby certifies, under penalties of perjury, as the actual consideration paid or to be paid, the said party of the first part hereby does grant and convey unto the party of the second part, in fee simple, as sole owner, all that property situate in the **District of Columbia** described as follows:

All that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging situate in the District of Columbia, described as Lot 163 in Square 5809 as per plat recorded in Liber 121, Folio 44 of the Records of the Office of the Surveyor for the District of Columbia.

Note:  This property is listed by the Assessor for the District of Columbia for taxation purposes as Lot 163, Square 5809.

which has an address of 2331 14th Place, SE, Washington, DC 20020. Being the same property described in Instrument # 2012037482, among the aforesaid Land Records.

**Subject** to covenants, easements and restrictions of record.

**To Have and To Hold** said land and premises above described or mentioned and hereby intended to be conveyed, together with the building and improvements thereupon erected, made or being, and all and every title, right, privilege, appurtenance and advantage thereunto belonging, or in anywise appertaining, unto and for the proper use, benefit and behalf of said party of the second part.

**And** the said party of the first part covenants that he will warrant specially the property hereby conveyed and that he will execute such further assurances of land as may be requisite or necessary.

THE GRANTOR HEREBY CERTIFIES THAT THIS CONVEYANCE IS NOT PART OF A TRANSACTION IN WHICH THERE IS A SALE, LEASE, EXCHANGE OR OTHER TRANSFER OF ALL OR SUBSTANTIALLY ALL OF THE PROPERTY AND ASSETS OF THE GRANTOR.

Signatures appear on the next page.



EXHIBIT



**In Witness Whereof,** Grantor has caused this Deed to be properly executed and sealed the day and year first above written by Ali Warsame, Vice President, and doth hereby appoint Ali Warsame its true and lawful attorney in fact to acknowledge and deliver these presents as its act and deed.

Witness:                                          WARSAME, Inc.

By: _____          By: _____
                                                              Ali Warsame, Vice President

STATE OF MARYLAND, COUNTY OF _____ TO WIT:

I hereby certify that on this 31st day of August, 2012 before me, the subscriber, a Notary Public of the State and County aforesaid, personally appeared Ali Warsame, who acknowledged himself/herself to be the Vice President of WARSAME, Inc., and that as such officer, being authorized to do so, executed the aforegoing Deed for the purposes therein contained, by signing the name of the Corporation, by him /if/herself as such officer and further, did certify that this conveyance is not part of a transaction in which there is a sale, lease, exchange or other transfer or all, or substantially all, of the property and assets of the Corporation, giving oath under penalties of perjury that the consideration recited herein is correct.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                                    Notary Public
                                    My commission expires: _____

I certify that this instrument was prepared under the supervision of an attorney admitted to practice before the Court of Appeals of Maryland.

_____
                                                              Attorney

Grantor's Address:
Grantee's Address:
Title Insurer:          Commonwealth Land Title Insurance Company
File Number

Doc# 2012080182 Fees:$4101.50
09/10/2012   11.04AM Pages 2
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS IDA WILLIAMS

RECORDING                    $      20.00
SURCHARGE                    $       8.50
RECORDATION TAX FEE          $   2,035.00
TRANSFER TAX FEE             $   2,035.00



LOAN #: [redacted]

**NOTE**

FHA Case No: [redacted]

MIN: [redacted]

District of Columbia

AUGUST 31, 2012                 Greenbelt,                      MARYLAND
[Date]                            [City]                          [State]

2031 14th Place, SE, Washington, DC 20020
[Property Address]

### 1.  PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means VIRGINIA HERITAGE BANK, A VIRGINIA CHARTERED BANK,

and its successors and assigns.

### 2.  BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of ******ONE HUNDRED EIGHTY ONE THOUSAND SIX HUNDRED FORTY NINE AND NO/100************************** Dollars (U.S. $181,649.00    ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of  THREE AND ONE-FOURTH              percent (   3.250%   ) per year until the full amount of principal has been paid.

### 3.  PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.  MANNER OF PAYMENT
(A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on OCTOBER 1, 2012.              Any principal and interest remaining on the          1ST              day of SEPTEMBER, 2042    will be due on that date, which is called the "Maturity Date."
(B) Place
Payment shall be made at
4211 PLEASANT VALLEY ROAD
CHANTILLY, VA 20151                 ;

or at such place as Lender may designate in writing by notice to Borrower.
(C) Amount
Each monthly payment of principal and interest will be in the amount of U.S.    $790.55.   This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
(D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.
[Check applicable box]        ☐ Graduated Payment Allonge      ☐ Growing Equity Allonge
                              ☐ Other [specify]

### 5.  BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6.  BORROWER'S FAILURE TO PAY
(A) Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of  FOUR            percent (   4.000%   ) of the overdue payment of principal and interest.

(B) Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment

FHA District of Columbia Fixed Rate Note - 10/95
Online Documents, Inc.               Page 1 of 3                Initials: [signature]




EXHIBIT
B

LOAN #: 

in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____(Seal)
Chonte Long

PAY TO THE ORDER OF
WITHOUT RECOURSE
Wells Fargo Bank, N.A.

By_____
Judy L. Lewis
Vice President Loan Documentation

ALLONGE TO NOTE

LOAN #: ▓▓▓▓▓▓▓

LOAN AMOUNT: $181,669.00

PROPERTY ADDRESS: 2331 14th Place, SE
                  Washington, DC 20020

ALLONGE TO NOTE DATED  AUGUST 31, 2012

IN FAVOR OF    VIRGINIA HERITAGE BANK, A VIRGINIA CHARTERED BANK

AND EXECUTED BY  Choste Long

PAY TO THE ORDER OF  WELLS FARGO BANK, N.A.

WITHOUT RECOURSE  VIRGINIA HERITAGE BANK, A VIRGINIA CHARTERED BANK

BY _____

   Richard A. Hutchison

TITLE Chief Mortgage Officer

Document #L446 1.99.008
© 1995-2008 Online Documents, Inc.



GR18  2004

Sworn to and Subscribed before me this 31st day of August, 2012.

Notary Public

My Commission expires:

After Recording Return To:
VIRGINIA HERITAGE BANK
ATTN: DAMIN X. ADKINS
4211 PLEASANT VALLEY ROAD
CHANTILLY, VA 20151

LT2-B-6-7



TAX ID. 5809 0163

TITLE INSURER:
COMMONWEALTH LAND TITLE INSURANCE CO.

LOAN #:

PURCHASE MONEY

[Space Above This Line For Recording Date]

District of Columbia                    **DEED OF TRUST**

MIN:

THIS DEED OF TRUST ("Security Instrument") is made on AUGUST 31, 2012.    The Grantor is
CHOTE LONG, UNMARRIED WOMAN

("Borrower").

The trustee is CHARLES C. BROCKETT AND DAVID P. SUMMERS, EITHER OF WHOM MAY ACT
4211 Pleasant Valley Rd., Chantilly, VA 20151

("Trustee").

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

VIRGINIA HERITAGE BANK, A VIRGINIA CHARTERED BANK

("Lender") is organized and
existing under the laws of VIRGINIA,
and has an address of 4211 PLEASANT VALLEY ROAD, CHANTILLY, VA 20151.

Borrower owes Lender the principal sum of ****ONE HUNDRED EIGHTY ONE THOUSAND SIX HUNDRED FORTY NINE AND NO/100*************************************** Dollars (U.S.  $181,649.00  ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on SEPTEMBER 1, 2042.
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in the District of Columbia:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".


EXHIBIT
C

which has the address of 2331 18th Place, SE, Washington,
District of Columbia 20020    ("Property Address"):
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and

FHA District of Columbia Deed of Trust - 4/96
Online Documents, Inc.                Page  1  of  5          Initials:

LOAN #: [redacted]

agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.

1.   Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.   Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.   Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:
First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4.   Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.   Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to

FHA Multistate Deed of Trust - 8/96
Online Documents, Inc.                    Page   2   of   5                         Initials: [handwritten]



provide Lender with any material information in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.  Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.  Charges to Borrower and Protection of Lender's Rights in the Property. Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.  Fees. Lender may collect fees and charges authorized by the Secretary.

9.  Grounds for Acceleration of Debt.

(a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)  Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.  Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11.  Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

FHA District of Columbia Deed of Trust - 4/96
Osino Documents, Inc.                    Page 3 of 5                    Initials

LOAN #:

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall send written notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall give notice of sale by public advertisement as Trustee deems proper to protect the interests of Borrower and Lender. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, Trustee's fees of _____ of the gross sale price and reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Release. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.



LOAN #: █████████

20. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by recording a Deed of Appointment. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider            ☐ Growing Equity Rider        ☐ Planned Unit Development Rider
☐ Graduated Payment Rider      ☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

X _____ (Seal)
                    Choate Long

State of Maryland, County of Montgomery
░░░░░░░░░/░░/░░░░░░░░, ss:

This instrument was acknowledged before me on _____8/31/2012_____ (date) by Choate Long (name(s) of person(s)).

My commission expires: _____

_____
Signature of notarial officer

_____
Title (and Rank)

(Seal)

Initialed: _____


Village File No
Chonte Long

## EXHIBIT "A" LEGAL DESCRIPTION

All that place or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging situate in the District of Columbia, described as Lot 163 in Square 5809 as per plat recorded in Liber 121, Folio 44 of the Records of the Office of the Surveyor for the District of Columbia.

Note: This property is listed by the Assessor for the District of Columbia for taxation purposes as Lot 163, Square 5809.

Tax Acct. ID        Property Address
-SSN                2331 14th Place, SE



Government of the
District of Columbia
Office of Tax
and Revenue
Recorder of Deeds
1101 4th Street, SW
Washington, DC 20024
Phone (202)737-6374

| SECURITY AFFIDAVIT — CLASS 1 | | |
|---|---|---|

| 5509 | | 163 |
|---|---|---|
| Square | Suffix | Lot |

I, (We) Chonte Long _____ the owner(s) of the real property described within certify, subject to criminal penalties for making false statements pursuant to section 22-2405 of the District of Columbia Official Code, that the real property described within is Class 1 Property, as that class of property was established pursuant to section 47-813(c-4), with 5 or fewer units:

_____
Signature

_____
Signature

Subscribed and sworn to me before this  31st  day of  August , 201 2 .

_____
Notary Public

My Commission Expires  06/14/2014
mo/day/yyy

Doc# 2012096163 Fees:$156.50
09/18/2012   11:04AM Pages 7
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS IDA WILLIAMS

RECORDING FOR DT, MTG, MSDS ET 150.00
SURCHARGE          $          6.50

Recording Requested By:
WELLS FARGO BANK, N.A

When Recorded Return To:

ASSIGNMENT TEAM
WELLS FARGO BANK, N.A
MAC: X9998-018
PO BOX 1629
MINNEAPOLIS, MN 55440-9049



CORPORATE ASSIGNMENT OF DEED OF TRUST

District of Columbia, District of Columbia
"LONG"

MERS #:                         SIS #

Date of Assignment: February 4th, 2014
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR VIRGINIA HERITAGE
BANK, ITS SUCCESSORS AND ASSIGNS at P.O. BOX 2026, FLINT, MI 48501
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA 50328

Executed By: CHONTE LONG, UNMARRIED WOMAN To: MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR VIRGINIA HERITAGE BANK, ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 08/31/2012 Recorded: 09/10/2012 as Instrument No.: 2012096163 in District of Columbia,
State of District of Columbia

Property Address: 2331 14TH PLACE SE, WASHINGTON, DC 20020

Square Number: 5809,   Lot Number: 163
Legal: ALL THE PLACE OR PARCEL OF LAND, TOGETHER WITH THE IMPROVEMENTS, RIGHTS PRIVILEGES
AND APPURTENANCES TO THE SAME BELONGING SITUATE IN THE DISTRICT OF COLUMBIA, DESCRIBED
AS LOT 163 IN SQUARE 5809 AS PER PLAT RECORDED IN LIBER 121, FOLIO 44 OF THE RECORDS OF THE
OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA. NOTE: THIS PROPERTY IS LISTED BY THE
ASSESSOR FOR THE DISTRICT OF COLUMBIA FOR TAXATION PURPOSES AS LOT 163, SQUARE 5809.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of
Trust having an original principal sum of $181,849.00 with interest, secured thereby, with all moneys now owing or
that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and proviso therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to
the terms contained in said Deed of Trust IN WITNESS WHEREOF, the assignor has executed these presents the
day and year first above written.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR VIRGINIA HERITAGE BANK,
ITS SUCCESSORS AND ASSIGNS
On ___ 2/6/14 ___

By
Kelley Christine Buskofer
Assistant Secretary




CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF Minnesota
COUNTY OF Dakota

On ___3/6/14___, before me, ___Jason P. Brumm___, a Notary Public in Dakota County in the State of Minnesota, personally appeared __Kelley Christine Bultkofer__, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

___Jason P. Brumm___
Notary Expires: _____

JASON P BRUMM
NOTARY PUBLIC-MINNESOTA
My Commission Expires
January 31, 2018

(This area for notarial seal)

PREPARED BY: WELLS FARGO BANK, N.A.

RECORDING FEES        $75.00
SURCHARGE             $6.50



Wells Fargo Home Mortgage
PO Box 9065
Temecula, CA 92089-9065

Send Payments to:
Wells Fargo Home Mortgage
1200 W 7th Street, Suite L2-200
Los Angeles, CA 90017

Send Correspondence to:
Wells Fargo Home Mortgage
Written Customer Contact
P.O. Box 10335
Des Moines, IA 50306

7196 9006 9297 1788 7556

**RETURN RECEIPT REQUESTED**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20140115-67

CHONTE LONG
2331 14TH PL SE
WASHINGTON, DC 20020-4401





EXHIBIT

E

DAY30



Wells Fargo Home Mortgage
PO Box 9045
Temecula, CA 92589-9045

Return Address only
Do not send payments to this address

January 15, 2014

CHONTE LONG
2331 14TH PL SE
WASHINGTON, DC 20020-4401

Dear Borrower(s):                                                    RE: Loan Number ▓▓▓▓▓

Our records indicate that your loan is in default for failure to make payments due. Unless the payments on your loan can be brought current by February 19, 2014, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure.

To cure the default you must pay the total delinquency against your account, which as of today's date is:

| | |
|---|---|
| Past Due Payments | $2,299.92 |
| Late Charge Balance | $46.08 |
| Other Fees | $0.00 |
| Unapplied Funds | -$0.00 |
| **Total Delinquency as of January 15, 2014** | **$2,346.00** |

To avoid the possibility of acceleration, you must pay this amount on or before February 19, 2014 in CERTIFIED funds, to Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017. For the loan to be current and not in default, any additional monthly payments, late charges and other charges that may be due under the note, mortgage and applicable law after the date of this notice must also be paid.

If funds are not received by the above referenced date, we will proceed with acceleration. Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding, which could result in Lender or another person acquiring ownership of the property. If foreclosure is initiated, you have the right to bring a court action to assert the non existence of a default, to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have to acceleration and sale.

You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration, and to have enforcement of the Mortgage discontinued and to have the Mortgage Note and Mortgage remain fully effective as if acceleration had never been required.  However, any future negotiations attempting to reinstate your loan or any payment of less than the full amount due shall not require Wells Fargo Bank, N.A.'s waiver of the acceleration unless otherwise agreed to, in writing, by Wells Fargo Bank, N.A..

We are required by federal law to notify you of the availability of government approved home ownership counseling agencies designed to help homeowners avoid losing their home. To obtain a list of approved counseling agencies for your state please call 1-800-569-4287. We urge you to give this matter your immediate attention.

If you would like to discuss the present condition of your loan, or if we can be of further assistance, please call one of our Loan Service Representatives at 1-800-416-1472, Monday through Thursday from 7:00 am - 9:00 pm, Friday from 7:00 am - 8:00 pm, Saturday from 8:00 am - 4:00 pm Central Time.

Sincerely,

Wells Fargo Home Mortgage
Default Management Department

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property.

7196 9006 9297 1788 7556

 Judgment Quote

4/8/2015
Mortgage Co. Loan number: ▓▓▓▓▓▓
Due Date 1/1/2014
Judgment Date 4/7/2015
Please use these figures for judgment through 4/7/2015

| | | |
|---|---|---|
| Principal Balance | | $177,094.34 |
| Interest from 12/1/2013 to 4/7/2015 | | $7,768.21 |
| | Per Diem Rate: 3.25% Amount: $15.77 | |

Late charges assessed through 1/31/2014

| | | | |
|---|---|---|---|
| Allowable Late Charges | | | $92.00 |
| | Per Month | $45.92 | |
| Suspense Balance | | | $0.00 |
| Escrow Balance | | | $0.00 |
| Escrow Advance | | | $4,761.39 |
| | Tax Advances | $1,844.75 | |
| | Hazard Insurance Advances | $959.99 | |
| | MIP/PMI Advances | $1,957.64 | |
| Corporate Advance | | | $0.00 |
| | Property Inspections Fees | $0.00 | |
| | BPO/Appraisals | $0.00 | |
| | Property Preservation Adv(s) | $0.00 | |
| | Water and Sewer Fees | $0.00 | |
| | Condo Association Fees | $0.00 | |
| | Electric and Gas | $0.00 | |
| | Insurance | $0.00 | |
| | Principal | $0.00 | |
| | Bankruptcy Atty Fees | $0.00 | |
| | Bankruptcy Costs | $0.00 | |
| | Foreclosure Atty Fees and Costs | $0.00 | |
| | PMI MIP | $0.00 | |
| | Trip Charge Fees | $0.00 | |
| | Photo Fees | $0.00 | |
| | Corp. Adv. for unpaid Haz/Tax | $0.00 | |
| | Corporate Advance Credit Balance at Time of Referral | $0.00 | |
| | Corporate Advance Credit Balance Current FC Action | $0.00 | |
| | Taxes | $0.00 | |
| 203k Disbursement | | | $0.00 |
| Other Fees | | | $0.00 |
| | Other Returned Items | $0.00 | |
| | Other Inspection Fees | $0.00 | |
| | Deferred Interest | $0.00 | |



EXHIBIT

Total Debt as of Judgment Date                              $189,705.94

Sincerely,
Pre-Foreclosure Specialist

INTEREST BREAKDOWN

| Interest From | Rate | Amount |
|---|---|---|
| 12/1/2013 | 3.25% | $7,768.21 |
| 4/7/2015 | | |

ESCROW ADVANCE BREAKDOWN

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 4/3/2015 | $176.58 | MortgageInsuranceDisb |
| 3/11/2015 | $634.86 | CityTaxDisb |
| 3/4/2015 | $176.58 | MortgageInsuranceDisb |
| 2/4/2015 | $176.58 | MortgageInsuranceDisb |
| 1/4/2015 | $176.58 | MortgageInsuranceDisb |
| 12/4/2014 | $176.58 | MortgageInsuranceDisb |
| 11/3/2014 | $176.58 | MortgageInsuranceDisb |
| 10/3/2014 | $176.58 | MortgageInsuranceDisb |
| 9/4/2014 | $180.49 | MortgageInsuranceDisb |
| 8/19/2014 | $959.00 | HomeownersInsuranceDisb |
| 8/18/2014 | $619.10 | CityTaxDisb |
| 8/3/2014 | $180.49 | MortgageInsuranceDisb |
| 7/4/2014 | $180.49 | MortgageInsuranceDisb |
| 6/4/2014 | $180.49 | MortgageInsuranceDisb |
| 5/2/2014 | $180.49 | MortgageInsuranceDisb |
| 4/4/2014 | $180.49 | MortgageInsuranceDisb |
| 3/14/2014 | $361.36 | ModifiedCouponPayment |
| 3/13/2014 | $590.74 | CityTaxDisb |

TOTAL ESCROW ADVANCE $4,761.39

CORPORATE ADVANCE BREAKDOWN

DATE  AMOUNT  PAYEE  ACCOUNT  REASON CODE  DESCRIPTION

TOTAL CORPORATE $0.00

LATE CHARGE BREAKDOWN

| Description | Date Assessed | Amount | Date Paid | Amount | Date Waived | Amount |
|---|---|---|---|---|---|---|
| LATE FEE | 1/16/2014 | $45.92 | | | | |
| LATE FEE | 12/16/2013 | $46.09 | | | | |

TOTAL LATE CHARGES $92.00

Doc #: 2015031279
04/03/2015 01:39 PM

BWW# 181986

Prepared By:
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD 20852

Lot/Square Number: 0163/5809
Property Address: 2331 14th Place SE, Washington, DC 20020

## APPOINTMENT OF SUBSTITUTE TRUSTEES

WHEREAS, by a Deed of Trust dated August 31, 2012, and recorded among the land records of the District of Columbia as Instrument No. 2012096163, Chonte Long conveyed to Charles C. Brockett and David P. Summers, Trustee(s), herein called the Original Trustee(s), certain real property described in said Deed of Trust to secure an indebtedness evidenced by a Promissory Note dated and also described in said Deed of Trust; and

WHEREAS, the undersigned is the present beneficiary; and

WHEREAS, Wells Fargo Bank, NA, directly or through its agent, is in possession of the Promissory Note which is secured by the aforementioned Deed of Trust.

NOW, THEREFORE, by virtue of the authority contained in the aforementioned Deed of Trust, the undersigned beneficiary, does hereby remove the Original Trustee(s) and/or any successor trustee(s) and appoints Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Jason T. Kutcher, Joshua P. Coleman and Joseph A. Delozier as Substitute Trustee(s), any one of whom may act, in accordance with the provisions of said Deed of Trust, to succeed to all the title, power and duties conferred upon the Original Trustee(s) by the terms of said Deed of Trust and by applicable law.

903-DC-VI

EXHIBIT

BWW# 181986

The powers enumerated in the Deed of Trust, having been granted to two or more trustees, may be exercised by any of them, independently of the other(s), or by any combination active together. The act of one Substituted Trustee shall bind all of the Substituted Trustees.

For legal description see attached Exhibit A

WELLS FARGO BANK, N.A.

_Sheila Williams_

Name: Sheila Williams
Title: Vice President Loan Documentation
Company: Wells Fargo Bank, N.A.
Date: 03/18/2015

North Carolina
Wake County

I, Shaina L. Tyler, a Notary Public of Wake County and State of North Carolina, do hereby certify that Sheila Williams personally came before me this day and acknowledged that she is the Vice President Loan Documentation, of Wells Fargo Bank, N.A., and that she, as Vice President Loan Documentation being authorized to do so, executed the foregoing on behalf of the corporation.

Witness my hand and official seal, this 18th day of March, 2015.

_____ (Signature)

Shaina L. Tyler Notary Public
My commission expires 11/19/2019

```
Shaina L. Tyler
NOTARY PUBLIC
Wake County, NC
My Commission Expires November 19, 2019
```

BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD 20852

003-DC-V1

BWW# 181986

## Exhibit A

All that place or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging situate in the District of Columbia, described as Lot 163 in Square 5809 as per plat recorded in Liber 121, Folio 44 of the Records of the Office of the Surveyor for the District of Columbia.

Note: This property is listed by the Assessor for the District of Columbia for taxation purposes as Lot 163, Square 5809.

003-DC-V1

```
Doc #: 2015031279
Filed & Recorded
04/03/2015 01:39 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES          $25.00
   SURCHARGE               $6.50
TOTAL:                     $31.50
```

Department of Defense Manpower Data Center

Results as of : Apr 09 2015 08:48:42 AM

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: LONG
First Name: CHONTE
Middle Name:
Active Duty Status As Of: Apr-08-2015

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |

This response reflects the individuals' active duty status based on the Active Duty Status Date

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |

This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |

This response reflects whether the individual or his/her unit has received early notification to report for active duty

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Mary M. Snavely-Dixon

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350


EXHIBIT
H

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. § 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer or the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided

Certificate ID: C55AEE05419DMA0